IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ERIN HOOPER-HAAS, et al.,

    Plaintiffs,

        v.

ZIEGLER HOLDINGS, LLC,

    Defendant

CIVIL NO. 10-1712 (JP)

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion for sanctions against Defendant Ziegler Holdings, LLC ("Ziegler"), for entry of default, for dismissal of the counterclaim, and for the imposition of attorney's fees **(No. 25)**. For the reasons stated herein, the Court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

    **A.  Factual Allegations**

Plaintiffs Erin Hooper Haas, Craig Howland Hooper, and Larry Alex Hass allege that, on January 13, 2008, they sold Defendant Ziegler real property located in Vieques, Puerto Rico by means of public deed number 2 before notary Santiago Lampón-González. The real property is described as follows:

> URBANA: Parcela de terreno marcada con el número 241-A localizada en el Barrio Santa María, Sector Bravos de Boston, Isabel Segunda en el Municipio de Vieques, Puerto Rico, identificada en un plano de mensura titulado "Physical Survey of Lots 241-A, 241-B and 244 Held in Civil Possession by Craig Hooper and Erin Hooper Haas",

CIVIL NO. 10-1712 (JP)            -2-

>    preparado por Paul C. Small, agrimensor licenciado
>    número 15270, compuesta de 480.1361 metros cuadrados,
>    equivalentes a 0.1222 cuerdas, en lindes por el Norte con
>    la parcela número 240 poseída civilmente por Alberto F.
>    Soto y Judy Félix, en una alineación de 15.4921 metros a
>    lo largo de una verja de alambre eslabonado asentada sobre
>    una base de concreto, por el Sur con la parcela 242
>    poseída civilmente por Elsie Cruz Rosa en una alineación
>    de 20.2255 metros a lo largo de una verja de mampostería,
>    por el Este con una carretera municipal sin nombre con
>    superficie de gravilla a lo largo de una pared de
>    mampostería con cuatro alineaciones de 4.5113 metros,
>    4.9402 metros, 2.3231 metros y 15.4346 metros, y por el
>    Oeste con la parcela 241-B poseída civilmente por Craig
>    Hooper y Erin Hooper-Haas a lo largo de una línea
>    ondulante de tres alineaciones de 11.4256 metros,
>    5.1599 metros y 13.8443 metros; incluyendo una residencia
>    de madera de dos plantas sobre una marquesina de una
>    planta de mampostería junto con un tanque séptico y todas
>    sus pertenencias, teniendo una servidumbre de paso de
>    4.0 metros de ancho para beneficio de los solares 241-B
>    y 244 a lo largo de la colindancia Norte en común con
>    Alberto Soto y Judy Félix, proveyendo ingreso y egreso por
>    sobre el solar 241-A hasta la carretera municipal que
>    queda al Este del solar 241-A y teniendo una anchura
>    variable y una servidumbre continua de un metro sobre y a
>    lo largo de la colindancia Este del solar 244 y la
>    colindancia Norte del solar 241-B para beneficio de los
>    solares 241-A y 241-B para ingreso y egreso a la playa.

Plaintiffs allege that the sales price that the parties agreed to was $239,000.00. Defendant paid the first installment of $100,000.00 and issued a promissory note in the amount of $139,000.00 to guarantee the unpaid balance. The unpaid balanced was to be amortized by 47 monthly payments of $1,053.85 and a final payment on the 48th month of $120,000.00. Also, Defendant was obligated to insure the property in the amount of $120,000.00.

Plaintiffs allege that Defendant stopped the monthly payments and did not renew the insurance on the property. Plaintiffs were

CIVIL NO. 10-1712 (JP)         -3-

then forced to pay for the insurance in order to protect the property. According to the sales contract, if Defendant breached its obligations, civil possession would revert to Plaintiffs without further recourse.

Defendant is currently in breach and has filed a counterclaim against Plaintiffs alleging that Defendant did not know what it had obligated itself to and that it was conveyed something other than what the deed stated. Plaintiffs argue that Defendant's claims are without merit and warrant sanctions.

**B.   Procedural History**

Defendant Ziegler removed this action from the Court of First Instance, Superior Court of Vieques to this Court on July 27, 2010 (No. 1). According to the Notice of Removal (No. 1), Defendant was served with process on June 28, 2010. On July 27, 2010, Defendant Ziegler submitted its demand for a trial by jury (No. 2). On July 28, 2010, Defendant Ziegler filed an answer to the complaint and filed a counterclaim against all Plaintiffs (No. 3). On August 5, 2010, Plaintiffs filed their answer to Defendant's counterclaim (No. 10).

Because Defendant had answered, on September 20, 2010, the Court issued its Initial Scheduling Conference ("ISC") Call Order (No. 11) to the parties in which the Court: (1) set the ISC for November 9, 2010; (2) set the ISC Memorandum filing deadline for November 2, 2010; and (3) explained to the parties in detail the Court's

CIVIL NO. 10-1712 (JP)          -4-

expectations from the parties at the ISC.  Said Memorandum is an essential part of the Court's case management system.  The several important purposes served by the ISC Memorandum include: (1) apprising the Court and the parties of the respective factual allegations and legal theories of each party; (2) establishing lists of documentary evidence, fact witnesses, and expert witnesses to be used at trial; and (3) proposing uncontested facts that will allow the parties and the Court to appropriately limit the disputed issues in the case in order to design an efficient discovery process.

At the ISC, it is imperative that the Court and all parties have had the opportunity to review the respective ISC Memoranda so that the ISC itself is a productive use of time and so that the Court may set a fair and prompt discovery schedule and trial.  Given the importance of the ISC and the ISC Memoranda, the Court specifically stated in its ISC Call Order that "[f]ailure to comply will result in stiff penalties, including but not limited to the entry of default, the dismissal of one or more claims or defenses, barring of witnesses or evidence, or monetary sanctions."

On September 30, 2010, Defendant's attorneys, José Luis Ubarri-García, Esq. and David W. Román, Esq. filed a motion to withdraw as legal counsel for Defendant (No. 12).  In their motion to withdraw, Defendant's attorneys stated that they had been unable to communicate with Defendant Ziegler.  The Court denied said motion until Defendant Ziegler announced new legal representation (No. 17).

CIVIL NO. 10-1712 (JP)          -5-

Prior to the ISC on November 9, 2010, Defendant failed to submit an ISC memorandum. Defendant's attorneys informed the Court that they had still not been able to communicate with Defendant, and Defendant failed to provide any information to its attorneys. As such, Defendant's attorneys were not in a position to prepare the ISC Memorandum. Plaintiffs also informed the Court that Defendant Ziegler failed to respond to Plaintiffs' request for admissions (No. 14). However, because the Court prefers to decide cases on the merits, it provided Defendant with a final opportunity to litigate this case. On December 3, 2010, the Court entered an order resetting the ISC for December 15, 2010 and requiring Defendant to file an ISC Memorandum by December 8, 2010 (No. 27). In said order, the Court again warned Defendant that failure to comply with that order and/or the ISC Call Order will result in sanctions. Defendant did not submit an ISC Memorandum by the Court's deadline.

In light of Defendant's failure to respond to Plaintiffs' discovery request and its second failure to comply with the ISC Call Order, the Court finds that Defendant's repeated behavior attempts to unjustifiably delay the proceedings.

## II.  **LEGAL STANDARD FOR A DEFAULT JUDGMENT SANCTION**

"The entry of a default judgment provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice." Remexcel Managerial Consultants v.

CIVIL NO. 10-1712 (JP)          -6-

Arlequín, 583 F.3d 45, 51 (1st Cir. 2009) (internal quotations omitted).  "Nonetheless, it is a drastic sanction that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results."  Id. (internal quotations omitted). "Since default judgments implicate sharply conflicting policies . . . the trial judge, who is usually the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, is entrusted with the task of balancing these competing considerations."  Id. (internal citations omitted).  The sanction of default judgment "should be employed only in an extreme situation."  Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009).  However, the First Circuit has held that "[a] court is not necessarily required to attempt less severe sanctions before turning to the sanction of dismissal . . . nor is a court required to provide an adversary hearing before imposing this sanction." Farm Construction Services, Inc. v. Fudge, 831 F.2d 18 (1st Cir. 1987)(citing Link v. Wabash Railroad Co., 370 U.S. 626, 632 (1962)).

### III.  **ANALYSIS**

In the instant case, Defendant has violated the Court's Orders and the Federal Rules of Civil Procedure.  Defendant Ziegler violated the Court's ISC Call Order by failing twice to timely submit its ISC Memorandum.  In fact, Defendant altogether failed to submit the ISC Memorandum.  In addition, Defendant Ziegler has failed to respond to Plaintiffs' discovery request.

CIVIL NO. 10-1712 (JP)        -7-

Furthermore, the facts in this case make clear that Defendant has been attempting to circumvent the Court's Orders in order to unjustifiably delay the proceedings.[1] Defendant has disregarded its attorneys' attempts to communicate with it regarding the present case. As a result, its attorneys have been unable to timely comply with Plaintiffs' discovery request in the form of requests for admissions (No. 16), and with the Court's ISC Call Order (No. 11).

The instant case presents the Court with the difficult task of balancing the strong interest in resolving cases on the merits with the strong interest in promoting efficiency and compliance with the Orders of the Court and the rules of procedure. Upon considering Defendant's repeated violations of the Court's Orders and the rules of procedure, the Court finds that the sanction of entry of default is appropriate.

The Court attempted to obtain Defendant's compliance with the rules of procedure by providing Defendant with a second opportunity to litigate this case (No. 27), and by issuing strict warnings that "[f]ailure to comply [with the ISC Call Order] will result in stiff penalties, including but not limited to the entry of default" (No. 11). Nevertheless, Defendant continued to delay the proceedings

---

1. The Court notes that Plaintiffs informed the Court at Docket No. 25 that Defendant Ziegler had filed a claim against Erin Hooper, one of the Plaintiffs in this case, asserting a cause of action similar to Defendant Ziegler's counterclaim in the instant case, in the U.S. District of Court for the District of Colorado. Defendant, who was the plaintiff in that case, failed to appear and the magistrate judge has recommended dismissal of the case for failure to prosecute (Case Number 1:10-cv-01381-PAB-MEH).

CIVIL NO. 10-1712 (JP)          -8-

and disregard the Court's Orders.  Under such circumstances, ongoing attempts to coerce compliance would be a poor use of the Court's time and resources, and would unfairly force Plaintiffs into an unnecessarily protracted and inefficient litigation process.

After considering Defendant's egregious efforts to delay this litigation, the Court hereby **STRIKES** Defendant's answer (No. 3) and **ORDERS** the Clerk of the Court to enter default against Defendant.  However, the Court **DENIES** the request for attorney's fees.[2]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of January, 2011.

s/José Antonio Fusté
JOSÉ ANTONIO FUSTÉ
CHIEF U.S. DISTRICT JUDGE

---

2.  Given that the Court is imposing the more severe sanction of default entry, the Court **DENIES** Plaintiffs' separate motion for attorney's fees **(No. 23)**.