IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ERIN HOOPER-HAAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZIEGLER HOLDINGS, LLC,<br><br>    Defendant | CIVIL NO. 10-1712 (JP) |

## **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND**
## **ORDER FOR THE ENTRY OF JUDGMENT BY DEFAULT**

Before the Court is Plaintiffs' motion for default judgment as to Defendant Ziegler Holdings, LLC ("Ziegler") **(No. 34)**, and Defendant's opposition thereto (No. 45).[1] A default hearing was held before this Court on May 17, 2011. For the reasons stated herein, the Court hereby **GRANTS** Plaintiffs' motion.[2]

By way of background, Plaintiffs Erin Hooper Haas, Craig Howland Hooper, and Larry Alex Haas filed the instant complaint on June 23,

---

1. Also pending before the Court is Plaintiffs' urgent motion seeking an emergency remedy (**No. 55**). In their motion, Plaintiffs state that the property, which is the subject of this case, has apparently been abandoned for months, was left open, and is currently in appalling conditions. Plaintiffs attached pictures showing the state of disrepair of the property. (No. 55-1). Plaintiffs' motion is hereby **NOTED**. Relief is provided herein.

2. The Court notes that on May 18, 2011, Defendant's corporate representative, Talbot Ziegler, sent a letter to the Court alleging insufficiency of legal counsel (No. 68). In the letter, Talbot Ziegler blames everyone but himself for the situation he finds himself in today. Defendant had many avenues that it could have pursued before today. It could have chosen to resolve the dispute with his first attorney, promptly obtained a new one, or easily have settled this case. As explained herein, it is evident to the Court that Plaintiffs' desire was to settle this case, and Defendant obstinately refused to accept the offers. Defendant, and not its attorneys, is solely responsible for its current situation.

CIVIL NO. 10-1712 (JP)          -2-

2010 in the Court of First Instance, Superior Court of Vieques, Puerto Rico. The case was removed to this Court by Defendant Ziegler on July 27, 2010. On July 28, 2010, Defendant Ziegler filed an answer to the complaint and filed a counterclaim against all Plaintiffs (No. 3). On August 5, 2010, Plaintiffs filed their answer to Defendant's counterclaim (No. 10).

Because Defendant had answered, on September 20, 2010, the Court issued its Initial Scheduling Conference ("ISC") Call Order (No. 11) to the parties in which the Court: (1) set the ISC for November 9, 2010; (2) set the ISC Memorandum filing deadline for November 2, 2010; and (3) explained to the parties in detail the Court's expectations from the parties at the ISC.

On September 30, 2010, Defendant's attorneys, José Luis Ubarri-García, Esq. ("Ubarri-Garcia") and David W. Román, Esq. ("Roman") filed a motion to withdraw as legal counsel for Defendant (No. 12).[3] In their motion to withdraw, Defendant's attorneys stated that they had been unable to communicate with Defendant Ziegler. The Court denied said motion until Defendant Ziegler announced new legal representation (No. 17).

Prior to the ISC on November 9, 2010, Defendant failed to submit an ISC memorandum. Defendant's attorneys informed the Court that they had still not been able to communicate with Defendant, and

---

3.  Defendant apparently had a dispute concerning overdue legal fees with his attorneys (Nos. 32-2, 45-3).

CIVIL NO. 10-1712 (JP)          -3-

Defendant failed to provide any information to its attorneys. As such, Defendant's attorneys were not in a position to prepare the ISC Memorandum. At that time, Defendant Ziegler had not obtained new legal representation. Plaintiffs also informed the Court that Defendant Ziegler failed to respond to Plaintiffs' request for admissions (No. 14). However, because the Court prefers to decide cases on the merits, it provided Defendant with a final opportunity to litigate this case. On December 3, 2010, the Court entered an order resetting the ISC for December 15, 2010 and requiring Defendant to file an ISC Memorandum by December 8, 2010 (No. 27). In said order, the Court again warned Defendant that failure to comply with that order and/or the ISC Call Order will result in sanctions. Despite this warning, Defendant did not submit an ISC Memorandum by the Court's deadline. In addition, Defendant had still not named new legal representation, and was still not communicating with Attorneys Ubarri-García and Román. Thus, the Court was unable to proceed with the ISC on December 15, 2010.

Almost a month later, Defendant had still not appeared with new counsel or complied with discovery requests. Accordingly, on January 13, 2011, this Court granted Plaintiffs' motion for entry of default and ordered the Clerk of Court to enter default against Defendant Ziegler (No. 29). The Court found that Defendant's repeated failure to respond to Plaintiffs' discovery request and to

CIVIL NO. 10-1712 (JP)          -4-

comply with the Court's ISC Call Order was an attempt to unjustifiably delay the proceedings. In its opinion and order, the Court outlined the opportunities it had given Defendant Ziegler to comply with its orders and litigate this case, and the warnings issued to Defendant if it continued to delay the proceedings and disregard the Court's orders. The Court concluded that ongoing attempts to coerce compliance would be a poor use of the Court's time and resources, and would unfairly force Plaintiffs into an unnecessarily protracted and inefficient litigation process.[4] Accordingly, Defendant Ziegler is currently in default.

Since Defendant is in default, this "constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002); see also Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). As such, the Court adopts as true the following well-pleaded facts[5]:

---

4.  The Court notes that five days later, on January 18, 2011, Attorney Vanessa Marie Mullet-Sánchez appeared on behalf of Defendant Ziegler (No. 31). At that time, Defendant filed a motion for reconsideration (No. 32) of the Court's entry of default, which was denied (No. 33). In that motion, Defendant argued that it unsuccessfully attempted to secure new legal representation. Defendant also stated that its corporate representative, Talbot Ziegler, sent several *pro se* motions to the Court regarding his inability to obtain new counsel. Nevertheless, Defendant had the responsibility to promptly obtain new legal representation, and should have been able to obtain an attorney in Puerto Rico before January 18, 2011.

5.  The Complaint was originally in the Spanish language. A certified translation is filed at No. 1-2.

CIVIL NO. 10-1712 (JP)          -5-

1. The personal information of plaintiffs is as follows:

    Erin Hooper Haas
    449 Mountain Meadows Road
    Boulder, CO  80302
    Tel. (303) 449-5063

    Road No. 200, Km. 1, Hm. 5
    Monte Santo Playa Ward
    Vieques, PR  00765

    P.O. Box 1131
    Vieques, PR  00765

    Craig Howland Hooper
    P.O. Box 119
    Boothbay, ME  05006
    Tel. (207) 633-2276

    Larry Alex Haas
    52 Patterson Lane
    Newington, NH  03801
    Tel. (603) 781-6627

2. The defendant is a foreign corporation, registered in Ohio and not authorized to do business in Puerto Rico. According to the Ohio Department of State, its resident agent is Talbot Dewitt Ziegler, and its address is 850 Big Hill Road, Dayton, Ohio 45419.

3. On January 13, 2008, in public deed number 2 granted in Vieques, Puerto Rico, before notary Santiago Lampón-González, the plaintiffs sold the defendant their rights of possession to the following real property:

    > URBANA: Parcela de terreno marcada con el número 241-A localizada en el Barrio Santa María, Sector Bravos de Boston, Isabel Segunda en el Municipio de Vieques, Puerto Rico, identificada en un

CIVIL NO. 10-1712 (JP)          -6-

>   plano de mensura titulado "Physical Survey of Lots 241-A, 241-B and 244 Held in Civil Possession by Craig Hooper and Erin Hooper Haas", preparado por Paul C. Small, agrimensor licenciado número 15270, compuesta de 480.1361 metros cuadrados, equivalentes a 0.1222 cuerdas, en lindes por el Norte con la parcela número 240 poseída civilmente por Alberto F. Soto y Judy Félix, en una alineación de 15.4921 metros a lo largo de una verja de alambre eslabonado asentada sobre una base de concreto, por el Sur con la parcela 242 poseída civilmente por Elsie Cruz Rosa en una alineación de 20.2255 metros a lo largo de una verja de mampostería, por el Este con una carretera municipal sin nombre con superficie de gravilla a lo largo de una pared de mampostería con cuatro alineaciones de 4.5113 metros, 4.9402 metros, 2.3231 metros y 15.4346 metros, y por el Oeste con la parcela 241-B poseída civilmente por Craig Hooper y Erin Hooper-Haas a lo largo de una línea ondulante de tres alineaciones de 11.4256 metros, 5.1599 metros y 13.8443 metros; incluyendo una residencia de madera de dos plantas sobre una marquesina de una planta de mampostería junto con un tanque séptico y todas sus pertenencias, teniendo una servidumbre de paso de 4.0 metros de ancho para beneficio de los solares 241-B y 244 a lo largo de la colindancia Norte en común con Alberto Soto y Judy Félix, proveyendo ingreso y egreso por sobre el solar 241-A hasta la carretera municipal que queda al Este del solar 241-A y teniendo una anchura variable y una servidumbre continua de un metro sobre y a lo largo de la colindancia Este del solar 244 y la colindancia Norte del solar 241-B para beneficio de los solares 241-A y 241-B para ingreso y egreso a la playa.[6]

4.  The purchase price was $239,000.00; the defendant paid $100,000.00 and guaranteed payment of the remaining balance by means of a promissory note for the amount of $139,000.00 with 47 monthly installments of $1,053.85 and a final installment of

---

6.  As described in the Spanish language in the original Complaint (No. 1-2). The property is also described in English in the deed. (Pl.'s Exh. 1, p. 3).

CIVIL NO. 10-1712 (JP)          -7-

    $120,000.00 on month 48. In addition, the defendant was obligated to insure the property for an amount not less than $120,000.00.

5. To this date, Defendant has suspended his monthly installment payments and has not renewed the property insurance he had committed to keep updated, forcing Plaintiffs to purchase said insurance. In accordance to the terms of purchase, in the case that Defendant did not comply with his obligations, he shall deliver possession of the real property, object of this complaint, to Plaintiffs,[7] waiving any ulterior judicial remedy. Likewise, he committed to pay the amount of $5,000.00 for attorney's fees.

    On May 17, 2011, this Court held a default judgment hearing at which Plaintiffs and Defendant were present. Plaintiffs were permitted to present evidence as to liability and damages, and Defendant's counsel was afforded the benefit of cross-examination even in default. Plaintiffs presented the testimony of several witnesses with knowledge of the facts alleged in the complaint, and also presented the deed, entitled "Deed Number 2, Segregation, Purchase, Sale and Conveyance of Rights of Possession" (hereinafter, the "deed") (Pl.'s Exh. 1), the final "purchase-sales" agreement

---

7.    The Court notes that the certified translation of the complaint says "defendants"; however, the original Spanish language complaint says "demandantes" or plaintiffs. (No. 1-2, p. 3).

CIVIL NO. 10-1712 (JP)          -8-

(Pl.'s Exh. 2), and the insurance policies on the property (Pl.'s Exh. 3).  Plaintiffs presented the testimony of Santiago Lampón-González, the notary, Sheila Levin, the real estate agent, Paul C. Small, the surveyor, and Plaintiff Erin Hooper Haas. Defendant Ziegler was permitted to cross-examine Plaintiffs' witnesses and also to present evidence.

The evidence presented by Plaintiffs made clear that the parties had entered into an agreement for the purchase and sale of a property, which was not registered in the Registry of Property (Pl.'s Exh. 1).  After the sale was executed, Defendant allegedly attempted to register the property but encountered difficulties in doing so. The testimony established that Defendant refused to make further payments on the mortgage because of the difficulties encountered in registering the property and sought to cancel the mortgage and/or back out of the purchase.[8]  Plaintiffs presented evidence that they attempted to assist Defendant and that several offers and concessions were made to Defendant in order to avoid litigation.

At the hearing, Plaintiffs presented evidence as to the insurance policy on the property that Defendant was required to pay but had failed to pay. (Pl.'s Exh. 3).  Plaintiffs paid $2,430.00 for the one-year MAPFRE insurance policy on the property, and an

---

8.   Indeed, in its opposition, Defendant argues that the deed should be nullified and that Plaintiffs are not entitled to demand payment of the purchase price (No. 45, p. 14).

CIVIL NO. 10-1712 (JP)         -9-

additional $886.00 for a flood insurance policy with United Surety & Indemnity Co. Plaintiffs also presented testimony that Defendant had stopped making payments on the mortgage.

After considering the evidence, the Court finds that this is simply a case of buyer's remorse. Defendant Ziegler had the opportunity before purchasing the property to inspect the property, the relevant documents, and to consult with engineers or attorneys regarding this property and the process of registering an untitled property in Vieques, Puerto Rico. Paragraph ten of the deed, specifically states:

> The SELLERS and the BUYER state to have inspected the Property subject to this contract, and have agreed that there are no problems with its boundaries nor an existing controversy or litigation related with the possession of it and/or with its actual possessors. Also, the Buyer states that it has inspected the Property and has had the opportunity to have it inspected by a person of it's [sic] choice, and further states that the Property has no apparent or hidden defects and that it is accepting the Property in its present condition without receiving or expecting from Sellers and [sic] warranties, implied or otherwise, in this respect.

(Pl.'s Exh., p. 8). Furthermore, paragraph eleven of the deed states that the Sellers, in this case Plaintiffs, are "responsible for the production and execution of any and all documents . . . that are necessary for the future and possible registration of the Property under the name of the [Buyers or Defendant]." (Pl.'s Exh. 1, p. 8). Plaintiffs' witnesses testified that, at no point, did Plaintiffs refuse to provide Defendant with the documents necessary to register

CIVIL NO. 10-1712 (JP)          -10-

the property.  In fact, the Court finds that Plaintiffs made extraordinary offers to assist Defendant in registering the property and to settle this case and avoid litigation.  However, Plaintiffs' offers were either not fruitful and/or rejected by Defendant Ziegler, which only further demonstrated that Defendant Ziegler simply wanted out of the sale.

> Paragraph fourteen of the deed explicitly provides:
>
> [i]t is understood by all parties and the undersigned notary public advised them as well, that the SELLERS is [sic] conveying and/or granting to the BUYER all rights of civil possession ("posesion civilisma") over the land above described, inasmuch as title on said land appears to be vested in the name of the Municipality of Vieques.  The BUYER is fully aware and was advised accordingly that in order to apply for title to the land the BUYER must contact the Municipality of Vieques to acquire said title or conduct the proper legal proceedings before a court of law.

Similarly, page eleven of the deed provides a notice to the parties that the property is not registered in the Registry of Property (Pl.'s Exh. 1).  Thus, Defendant was undoubtedly aware of exactly what it was purchasing when it executed the agreement.

At this time, the only issue remaining for the Court's consideration is the amount of damages to award Plaintiffs.  "Once the entry of a default establishes the *fact* of damage, the trial judge . . . has considerable latitude in determining the *amount* of damages."  See <u>Jones v. Winnepesaukee Realty</u>, 990 F.2d 1, 4 (1st Cir. 1993).

CIVIL NO. 10-1712 (JP)          -11-

Based on Defendant's liability and the evidence presented at the default hearing, the Court hereby **ORDERS THE ENTRY OF JUDGMENT BY DEFAULT** for Plaintiffs **TO HAVE AND RECOVER** from Defendant:

1. **TWO THOUSAND FOUR HUNDRED AND THIRTY DOLLARS ($2,430.00)** for the MAPFRE insurance policy;

2. **EIGHT HUNDRED AND EIGHTY SIX DOLLARS ($886.00)** for the United Surety & Indemnity Co. flood insurance policy;

3. **FIVE THOUSAND DOLLARS ($5,000.00)** for attorneys' fees, plus any additional costs and expenses incurred by Plaintiffs or their counsel in litigating this case;[9]

4. **ALL OF THE UNPAID BALANCE UNDER THE PROMISSORY NOTE.** Twenty-seven (27) payments were made starting on February 14, 2008 for a total of $28,453.95. Therefore, the difference is **ONE HUNDRED AND TEN THOUSAND FIVE HUNDRED FORTY SIX AND FIVE CENTS ($110,546.05)**, plus $6,909.13 in accrued interest calculated at a rate of 6%;[10] and

---

9. Plaintiffs may provide evidence and petition the Court for any additional amount of attorney's fees, costs and expenses incurred in litigating this case.

10. Interest was calculated based on the interest owed on the unpaid balance as of May 25, 2011. The Court was not informed as to how much of the $1,053.85 monthly payment was interest and how much was principal. Therefore, the Court assumed that all of it was principal for the benefit of the Defendant.

CIVIL NO. 10-1712 (JP)          -12-

    5.    **CIVIL POSSESSION OF THE PROPERTY** subject of this case and described in the deed and at paragraph three of the Complaint, in accordance with paragraph six of the deed.

In conclusion, the Court hereby **GRANTS** Plaintiffs' motion for default judgment and further awards the Plaintiffs the aforementioned damages to have and recover from Defendant Ziegler.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of May, 2011.

                                            s/José Antonio Fusté
                                              JOSÉ ANTONIO FUSTÉ
                                      UNITED STATES DISTRICT JUDGE